ELECTRONICALLY FILED - 2021 Oct 07 11:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4005024

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FIFTH JUDICIAL CIRCUIT |
| )| |
| Kim Pierre Rahming, ) | |
| ) | |
| Plaintiff, ) | SUMMONS |
| ) | |
| vs. ) | |
| ) | |
| Robert Warren Jones and Stevens ) | |
| Transport, Inc., Jointly and Severally ) | |
| ) | |
| Defendants. ) | |

TO: THE DEFENDANTS AND DEFENDANTS' ATTORNEYS:

YOU MAY PLEASE TAKE NOTICE that you are hereby summoned and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer on the attorney for the Plaintiff listed below at his office at Post Office Box 670, Rock Hill, South Carolina, 29731-6670, within thirty (30) days after service hereof excluding the date of such service. If you fail to answer the complaint within the time aforesaid, Plaintiff will apply to the court for a judgment by default for the relief demanded in the complaint and any other relief deemed appropriate.

Respectfully submitted,

s/Brent P. Stewart
Brent P. Stewart (Bar #66083)
Stewart Law Offices
Post Office Box 670
Rock Hill, South Carolina 29731-6670
(803) 328-5600 - Telephone
(803) 328-5876 - Facsimile
brent@stewartlawoffices.net

October 7, 2021
Rock Hill, South Carolina

ELECTRONICALLY FILED - 2021 Oct 07 11:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4005024

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | |
| ) | |
| Kim Pierre Rahming, ) | |
| ) | |
| Plaintiff, ) | COMPLAINT |
| ) | (Jury Trial Demanded) |
| vs. ) | (Automobile Tort Claim) |
| ) | |
| Robert Warren Jones and Stevens ) | |
| Transport, Inc., Jointly and Severally, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**TO:  THE DEFENDANTS AND DEFENDANTS' ATTORNEYS:**

COMES NOW, the Plaintiff, complaining of the acts and omissions of the Defendants, jointly and severally, and states as follows:

1. Plaintiff Kim Pierre Rahming ("Plaintiff Rahming") is a citizen and resident of Fulton County, Georgia.

2. Upon information and belief, at the time of the accident that is the subject of this action, Defendant Robert Warren Jones ("Defendant Jones") was a citizen and resident of Lee County, Alabama.

3. Upon information and belief, Defendant Stevens Transport, Inc. ("Defendant Stevens Transport") is a company incorporated, organized, and existing under the laws of the State of Texas, and regularly doing business in the State of South Carolina.

4. This honorable court has jurisdiction over the parties herein and of the hereof complained subject matter.

5. Venue is proper, as the collision occurred in Richland County, South Carolina.

## FACTUAL ALLEGATIONS

6. On or about May 23, 2019, Plaintiff Rahming was seated in the driver's seat of a parked tractor trailer bearing an Indiana license tag 2343853, owned by C.R. England, Inc. and operated by Plaintiff Rahming with the owner's express permission, in the parking lot of 7400 Wilson Boulevard in Richland County, South Carolina.

7. On or about May 23, 2019, Defendant Jones was operating a tractor trailer owned by Defendant Stevens Transport and operated by Defendant Jones with the owner's express permission, which was traveling through the parking lot of 7400 Wilson Boulevard located in Richland County, South Carolina.

8. On or about May 23, 2019, while Plaintiff Rahming was seated in the driver's seat of the parked tractor trailer bearing an Indiana license tag 2343853, Defendant Jones violently crashed into his vehicle.

9. At all times mentioned in this Complaint, Defendant Jones was the employee, agent, and/or servant of Defendant Stevens Transport and all acts herein complained of were performed and done by Defendant Jones in the course and scope of his agency, authority, and/or employment with the express and/or implied authority of Defendant Stevens Transport pursuant to the doctrine of *respondeat superior* and/or the tractor trailer was being operated outside the scope of his employment with the permission of Defendant Stevens Transport.

10. Plaintiff Rahming is informed and believes each of the Defendants individually, jointly and severally, and by and through their servants, agents, and/or employees were negligent, grossly negligent, careless, reckless, willful, and wanton in causing the above complained of collision.

11. As a result of said collision with Defendant Jones, Plaintiff Rahming suffered significant physical injuries including, but not limited to, fractured second and third right toes causing chronic pain/numbness; right foot injury causing chronic pain; right neck/shoulder injury causing chronic/radiating pain; myositis; muscle spasms; and left thigh, left elbow, upper and lower back, and left shoulder injuries causing pain.

12. Plaintiff Rahming was forced to seek medical attention for the above complained of injuries, and because of them, believes he will have permanent adverse effects/disability.

## FOR A FIRST CAUSE OF ACTION
## (GENERAL NEGLIGENCE)

13. Each and every allegation contained in paragraphs one (1) through twelve (12) of this Complaint is re-alleged as if set forth here fully in its entirety.

14. Defendant Jones, by his acts and/or omissions, was negligent, grossly negligent, careless, reckless, willful, and wanton in one or more of the following particulars:

   a. In then and there operating the tractor trailer, a dangerous instrumentality, in a dangerous and/or unsafe condition or manner;

   b. In then and there operating the tractor trailer while traveling at an excessive speed;

   c. In then and there failing to keep a proper lookout and/or stay alert;

   d. In then and there failing to take any evasive action, by any means, to keep from striking Plaintiff Rahming's tractor trailer;

   e. In then and there failing to properly observe the parking lot, traffic conditions, and/or stop sign;

   f. In then and there failing to maintain proper control over the tractor trailer, a dangerous instrumentality;

ELECTRONICALLY FILED - 2021 Oct 07 11:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4005024

g. In then and there failing to exercise the degree of care which an ordinary, reasonable, and prudent person would have exercised under the same or similar circumstances;

h. In then and there operating a tractor trailer with reckless disregard for the rights and safety of others, and especially the rights and safety of Plaintiff Rahming;

i. In then and there failing to uphold the obligation of due care to third parties;

j. In then and there failing to stop, thus striking Plaintiff Rahming's tractor trailer;

k. In then and there failing to honor the right of way of Plaintiff Rahming's tractor trailer;

l. In then and there failing to abide by applicable rules, regulations, and/or laws of the commercial trucking industry and violating the same;

m. In then and there failing to properly equip the tractor trailer with adequate and safe brakes, and, if so properly equipped, in failing to properly utilize them;

n. In then and there failing to properly equip the tractor trailer with adequate and safe steering mechanisms, and, if so properly equipped, in failing to properly utilize them; and

o. Such other and further particulars as the evidence at trial may show.

13. All of which were the direct and proximate cause of the injuries and damages Plaintiff Rahming suffered, as more fully set forth below, said acts being in violation of the laws of the State of South Carolina.

ELECTRONICALLY FILED - 2021 Oct 07 11:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4005024

## FOR A SECOND CAUSE OF ACTION
## (NEGLIGENT ENTRUSTMENT)

14. Each and every allegation contained in paragraphs one (1) through thirteen (13) of this Complaint is re-alleged as if set forth here fully in its entirety.

15. Defendant Stevens Transport individually, and/or through its agents, servants, and/or employees, by their acts and/or omissions, was negligent, grossly negligent, careless, reckless, willful, and wanton in one or more of the following particulars:

    a. In then and there allowing Defendant Jones to operate the tractor trailer, a dangerous instrumentality, and/or allowing the tractor trailer to be operated in a dangerous and/or unsafe condition or manner;

    b. In then and there allowing Defendant Jones to operate the tractor trailer while traveling at an excessive speed;

    c. In then and there failing to instruct Defendant Jones to keep a proper lookout and/or stay alert;

    d. In then and there failing to instruct Defendant Jones to take any evasive action, by any means, to keep from striking Plaintiff Rahming's tractor trailer;

    e. In then and there failing to instruct Defendant Jones to properly observe the parking lot, traffic conditions, and/or stop sign;

    f. In then and there failing to instruct Defendant Jones to maintain proper control over the tractor trailer, a dangerous instrumentality;

    g. In then and there failing to instruct Defendant Jones to exercise the degree of care which an ordinary, reasonable, and prudent person would have exercised under the same or similar circumstances;

ELECTRONICALLY FILED - 2021 Oct 07 11:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4005024

h. In then and there allowing Defendant Jones to operate the tractor trailer with reckless disregard for the rights and safety of others, and especially the rights and safety of Plaintiff Rahming;

i. In then and there failing to instruct Defendant Jones to uphold the obligation of due care to third parties;

j. In then and there failing to instruct Defendant Jones to stop before hitting Plaintiff Rahming's tractor trailer;

k. In then and there failing to instruct Defendant Jones to honor the right of way of Plaintiff's tractor trailer;

l. In then and there failing to instruct, properly supervise, monitor, train, and/or educate its employees or agents;

m. In then and there failing to instruct Defendant Jones to abide by applicable rules, regulations, and/or laws of the commercial trucking industry and violating the same;

n. In then and there failing to properly equip the tractor trailer with adequate and safe brakes, and, if so properly equipped, in failing to properly utilize them;

o. In then and there failing to properly equip the tractor trailer with adequate and safe steering mechanisms, and, if so properly equipped, in failing to properly utilize them; and

p. Such other and further particulars as the evidence at trial may show.

16. All of which were the direct and proximate cause of the injuries and damages Plaintiff Rahming suffered, as more fully set forth below, said acts being in violation of federal regulations and the statutory and common laws of the State of South Carolina.

ELECTRONICALLY FILED - 2021 Oct 07 11:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4005024

ELECTRONICALLY FILED - 2021 Oct 07 11:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4005024

## DAMAGES

17. As a direct and proximate result of the above complained of negligent, grossly negligent, careless, reckless, willful, and wanton acts/omissions of Defendants, jointly and severally, which combined, contributed to and joined to create the circumstances then and there existing, Plaintiff Rahming:

    a. Was severely, seriously, and painfully injured;

    b. Suffered significant physical injuries including, but not limited to, fractured second and third right toes causing chronic pain/numbness; right foot injury causing chronic pain; right neck/shoulder injury causing chronic/radiating pain; myositis; muscle spasms; and left thigh, left elbow, upper and lower back, and left shoulder injuries causing pain;

    c. Has incurred and will continue to incur substantial medical, pharmaceutical, and physician bills;

    d. Has suffered lost wages and lost earning capacity;

    e. Was subjected to the administration of strong and potent drugs/medications and will continue to be subjected to the same in the future;

    f. Was subjected to a lengthy period of rehabilitation and will continue to be subjected to the same in the future;

    g. Was subjected to extreme pain, mental anguish, post-traumatic stress, and suffering/pain over a long period of time and will continue to be subjected to the same in the future;

    h. Has suffered and will continue to suffer a loss of enjoyment of life; and

    i. Such other and further particulars as the evidence at trial may show.

WHEREFORE, Plaintiff Rahming demands judgment against the Defendants, both jointly and severally, for such sum of actual and punitive damages that a trier of fact may find, for the costs of this action, and for other relief which may be deemed just and proper.

                    Respectfully submitted,

                    s/Brent P. Stewart
                    Brent P. Stewart (SC Bar #66083)
                    Stewart Law Offices, L.L.C.
                    Post Office Box 670
                    Rock Hill, SC 29732
                    P: (803) 328-5600
                    F: (803) 328-5876
                    brent@stewartlawoffices.net

October 7, 2021
Rock Hill, South Carolina

ELECTRONICALLY FILED - 2021 Oct 07 11:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4005024

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | |
| ) | |
| Kim Pierre Rahming, ) | |
| ) | |
| Plaintiff, ) | SUMMONS |
| ) | |
| vs. ) | |
| ) | |
| Robert Warren Jones and Stevens ) | |
| Transport, Inc., Jointly and Severally ) | |
| ) | |
| Defendants. ) | |
| ) | |

**TO:   THE DEFENDANTS AND DEFENDANTS' ATTORNEYS:**

YOU MAY PLEASE TAKE NOTICE that you are hereby summoned and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer on the attorney for the Plaintiff listed below at his office at Post Office Box 670, Rock Hill, South Carolina, 29731-6670, within thirty (30) days after service hereof excluding the date of such service. If you fail to answer the complaint within the time aforesaid, Plaintiff will apply to the court for a judgment by default for the relief demanded in the complaint and any other relief deemed appropriate.

Respectfully submitted,

Brent P. Stewart (Bar #66083)
Stewart Law Offices
Post Office Box 670
Rock Hill, South Carolina 29731-6670
(803) 328-5600 - Telephone
(803) 328-5876 - Facsimile
brent@stewartlawoffices.net

October 7, 2021
Rock Hill, South Carolina

Page **1** of **9**



**South Carolina Departm**(ent)
P.O. Box 1498
Blythewood, S.C. 29016

Form 103

Forwarding Service Requested

**CERTIFIED MAIL**

7020 3160 0000 4263 6460



Stevens Transport, Inc.
9757 Military Parkway
Dallas, TX 75227

B11T



FIRST-CLASS MAIL
$007.73
ZIP 29016
041L12204134

7522734805 C060

# USPS Tracking®

FAQs >

Track Another Package +

**Tracking Number:** 70203160000042636460

Remove ✕

Your item was picked up at the post office at 9:51 am on October 19, 2021 in DALLAS, TX 75227.

## ✓ Delivered, Individual Picked Up at Post Office

October 19, 2021 at 9:51 am
DALLAS, TX 75227

Get Updates ∨

---

**Text & Email Updates** ∨

---

**Tracking History** ∧

October 19, 2021, 9:51 am
Delivered, Individual Picked Up at Post Office
DALLAS, TX 75227
Your item was picked up at the post office at 9:51 am on October 19, 2021 in DALLAS, TX 75227.

October 19, 2021, 6:10 am
Out for Delivery
DALLAS, TX 75227

October 19, 2021, 5:47 am
Arrived at Post Office
DALLAS, TX 75227

**October 18, 2021, 4:09 pm**
Departed USPS Regional Facility
DALLAS TX DISTRIBUTION CENTER

**October 18, 2021, 1:40 pm**
Arrived at USPS Regional Facility
DALLAS TX DISTRIBUTION CENTER

**October 17, 2021**
In Transit to Next Facility

**October 15, 2021, 11:20 pm**
Arrived at USPS Regional Facility
COLUMBIA SC PROCESSING CENTER

**Product Information** 

Feedback

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**



# S. C. DEPARTMENT OF MOTOR VEHICLES

OFFICE OF GENERAL COUNSEL
P.O. Box 1498, Blythewood, S.C. 29016: (803) 896-9900, Fax :( 803) 896-9901



October 15, 2021                    **USPS Tracking # 7020 3160 0000 4263 6484**

Robert Warren Jones
444 Lee Road 2099
Phoenix City, AL 36870-8076

Re:   *Kim Pierre Rahming v. Robert Warren Jones and Stevens Transport, Inc., Jointly and Severally*
      Case No.: 2021-CP-40-05024, DMV 21-476

Dear Sir/Madam:

In accordance with the provisions of Section 15-9-350 or 15-9-360 of the Code of Laws of South Carolina (1976), this office has received the enclosed **Summons and Complaint** in the above-referenced action. Under South Carolina law, this has the same legal effect as if you had been served with these documents personally.

Section 15-9-350 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident of the rights and privileges conferred by the laws in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such nonresident on the public highways, the streets of any incorporated municipality or the public roads of this State or anywhere within this State, or the operation by such nonresident of a motor vehicle on any such public highways, streets, or public roads or anywhere within this State other than as so permitted or regulated shall be deemed equivalent to the appointment by such nonresident of the Director of the Department of Motor Vehicles or of his successor in office to be his true and lawful attorney upon whom may be served all summons or other lawful process in any action or proceeding against him growing out of any accident or collision in which such nonresident may be involved by reason of the operation by him, for him or under his control or direction, express or implied, of a motor vehicle on such public highways, Streets, or public roads or anywhere within this State. Such acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally."

Section 15-9-360 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident motor carrier of the rights and privileges conferred by the laws now or hereafter in force in this State, permitting the operation of motor vehicles as evidenced by the operation of a motor vehicle by such nonresident either personally or through an agent or employee on the public highways in this State, or the operation of such nonresident either personally or

through an agent, lessee, or employee, of a motor vehicle on the public highways of this State other than as so permitted or regulated, shall be deemed equivalent to the appointment by such nonresident motor carrier of the Director of the Department of Motor Vehicles, or his successor in office, to be his true and lawful attorney and the attorney of his executor or administrator, upon whom may be served all summonses or other lawful process or notice in any action, assessment proceeding, or other proceeding against him or his executor or administrator, arising out of or by reason of any provisions in Chapter 31 of Title 12 relating to such vehicle or relating to the liability for tax with respect to operation of such vehicle on the highways of this State. Acceptance or operation shall be a signification by such nonresident motor carrier of his agreement that any such process against or notice to him or his executor or administrator shall be of the same legal force and validity as if served on him personally or on his executor or administrator. All of the provisions of Sections 15-9-370, 15-9-380, and 15-9-350 shall be applicable with respect to the service of process or notice pursuant to this section."

Sincerely,

Natasha Thomas, Paralegal
Office of General Counsel
For: Director, South Carolina Department of Motor Vehicles

Enclosure

cc:     Brent P. Stewart, Esquire
        P.O. Box 670
        Rock Hill, SC 29731

ELECTRONICALLY FILED - 2021 Oct 22 3:55 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4005024



# S. C. DEPARTMENT OF MOTOR VEHICLES

OFFICE OF GENERAL COUNSEL
P.O. Box 1498, Blythewood, S.C. 29016: (803) 896-9900, Fax :( 803) 896-9901



October 15, 2021

USPS Tracking # 7020 3160 0000 4263 6460

Stevens Transport, Inc.
9757 Military Parkway
Dallas, TX 75227

Re:     *Kim Pierre Rahming v. Robert Warren Jones and Stevens Transport, Inc., Jointly and Severally*
        Case No.: 2021-CP-40-05024, DMV 21-477

Dear Sir/Madam:

In accordance with the provisions of Section 15-9-350 or 15-9-360 of the Code of Laws of South Carolina (1976), this office has received the enclosed **Summons and Complaint** in the above-referenced action. Under South Carolina law, this has the same legal effect as if you had been served with these documents personally.

Section 15-9-350 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident of the rights and privileges conferred by the laws in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such nonresident on the public highways, the streets of any incorporated municipality or the public roads of this State or anywhere within this State, or the operation by such nonresident of a motor vehicle on any such public highways, streets, or public roads or anywhere within this State other than as so permitted or regulated shall be deemed equivalent to the appointment by such nonresident of the Director of the Department of Motor Vehicles or of his successor in office to be his true and lawful attorney upon whom may be served all summons or other lawful process in any action or proceeding against him growing out of any accident or collision in which such nonresident may be involved by reason of the operation by him, for him or under his control or direction, express or implied, of a motor vehicle on such public highways, Streets, or public roads or anywhere within this State. Such acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally."

Section 15-9-360 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident motor carrier of the rights and privileges conferred by the laws now or hereafter in force in this State, permitting the operation of motor vehicles as evidenced by the operation of a motor vehicle by such nonresident either personally or through an agent or employee on the public highways in this State, or the operation of such nonresident either personally or

through an agent, lessee, or employee, of a motor vehicle on the public highways of this State other than as so permitted or regulated, shall be deemed equivalent to the appointment by such nonresident motor carrier of the Director of the Department of Motor Vehicles, or his successor in office, to be his true and lawful attorney and the attorney of his executor or administrator, upon whom may be served all summonses or other lawful process or notice in any action, assessment proceeding, or other proceeding against him or his executor or administrator, arising out of or by reason of any provisions in Chapter 31 of Title 12 relating to such vehicle or relating to the liability for tax with respect to operation of such vehicle on the highways of this State. Acceptance or operation shall be a signification by such nonresident motor carrier of his agreement that any such process against or notice to him or his executor or administrator shall be of the same legal force and validity as if served on him personally or on his executor or administrator. All of the provisions of Sections 15-9-370, 15-9-380, and 15-9-350 shall be applicable with respect to the service of process or notice pursuant to this section."

Sincerely,

*[signature]*

Natasha Thomas, Paralegal
Office of General Counsel
For: Director, South Carolina Department of Motor Vehicles

Enclosure

cc:    Brent P. Stewart, Esquire
       P.O. Box 670
       Rock Hill, SC 29731

ELECTRONICALLY FILED - 2021 Oct 22 3:49 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4005024



# S. C. DEPARTMENT OF MOTOR VEHICLES
OFFICE OF GENERAL COUNSEL
P.O. Box 1498, Blythewood, S.C. 29016: (803) 896-9900, Fax: 896-9901

October 22, 2021

Brent P. Stewart, Esquire
P.O. Box 670
Rock Hill, SC 29731

Re:   *Kim Pierre Rahming v. Robert Warren Jones and Stevens Transport, Inc., Jointly and Severally*
      Case No.: 2021-CP-40-05024, DMV 21-477

To whom it may Concern:

Enclosed is the return receipt card regarding the above-referenced matter. This card indicates service was made on Defendant Stevens Transport, Inc. The signed card was received in this office on October 22, 2021.

If you have any questions, please contact me at natasha.thomas@scdmv.net.

Sincerely,

Natasha D. Thomas, Paralegal
Office of General Counsel
For: Director, South Carolina Department of Motor Vehicles

Enclosure

ELECTRONICALLY FILED - 2021 Nov 01 9:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4005024

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
   Stevens Transport, Inc.
   9757 Military Parkway
   Dallas, TX 75227

   9590 9402 6905 1101 3891 41
   DMV 21-477

2. Article Number (Transfer from service label)
   7020 3160 0000 4263 6460

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name): Grainger S
C. Date of Delivery: 10-19-21

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☒ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery ($500)
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt



# S. C. DEPARTMENT OF MOTOR VEHICLES

OFFICE OF GENERAL COUNSEL
P.O. Box 1498, Blythewood, S.C. 29016: (803) 896-9900, Fax: 896-9901

October 26, 2021

Brent P. Stewart, Esquire
P.O. Box 670
Rock Hill, SC 29731

Re:  *Kim Pierre Rahming v. Robert Warren Jones and Stevens Transport, Inc., Jointly and Severally*
     Case No.: 2021-CP-40-05024, DMV 21-476

To whom it may Concern:

Enclosed is the return receipt card regarding the above-referenced matter. This card indicates service was made on Defendant Robert Warren Jones. The signed card was received in this office on October 25, 2021.

If you have any questions, please contact me at natasha.thomas@scdmv.net.

Sincerely,

Natasha D. Thomas, Paralegal
Office of General Counsel
For: Director, South Carolina Department of Motor Vehicles

Enclosure

[Return receipt card showing:
Article Addressed to: Robert Warren Jones, 444 Lee Road 2099, Phoenix City, AL 36870-8076
DMV21-476
Article Number: 7020 3160 0000 4263 6484
Service Type: Certified Mail
PS Form 3811, July 2020 PSN 7530-02-000-9053 — Domestic Return Receipt]